Luke W. Battle, Plaintiff, *v.* Central Greyhound Lines Incor-
porated of New York, Defendant.

Supreme Court, Erie County, June 23, 1939.

*Edward I. Zolte*, for the plaintiff.

*Harold J. Adams* [*Howard H. Starrett* of counsel], for the defendant.

Harris, J.  The motion is one to dismiss the complaint on the ground that on the face thereof it does not state a cause of action. Briefly stated, the facts pleaded in such complaint are as follows: The plaintiff, a colored man, purchased from the defendant at Buffalo transportation by bus from Buffalo, N. Y., to Montgomery, Ala., and return.  In traveling from Buffalo to Montgomery it was necessary for the traveler to make changes *en route* to buses owned and operated by independent lines connecting with the defendant.  While at the city of Birmingham, Ala., he was in a connecting bus owned and operated by the Southeastern Greyhound Lines, Inc., and the operator of such Southeastern Greyhound bus required the plaintiff to leave the bus and give his seat to a white passenger, although no other passengers in the bus were required to leave, and the plaintiff was the only colored passenger aboard.  The only reason for his being so required to leave the bus was his color.  To reach his destination the plaintiff was required to travel from Birmingham to Montgomery in a bus leaving at a later time and one that was uncomfortable and slow compared to the bus from which he had been ordered to leave.

In his pleadings specifically the plaintiff alleges in the twentieth paragraph thereof as follows: " That prior to the purchase of his ticket for transportation from Buffalo, New York to Montgomery, Alabama, and return, from the defendant corporation at its office in Buffalo, New York and on or about the 20th day of December, 1938, plaintiff requested from the ticket agent, servant or employee of the defendant corporation, that he be furnished with transportation on such line or lines as would not discriminate against him by reason of his color and plaintiff was then and there assured by the ticket agent of the defendant corporation in Buffalo, New York, aforesaid, that the ticket he purchased provided for transportation to Montgomery, Alabama, and return on such line or lines as would not discriminate against him as a fare paying passenger, by reason of his color, and that in reliance thereon plaintiff did purchase a round trip ticket as aforesaid."

Further provisions of the complaint allege breach of contract, unjust discrimination and resulting damage. The defendant attacks the complaint on the ground that no liability attached to the defendant for any acts committed by the employees of an independent connecting line. With the provisions of the above-quoted twentieth paragraph of the complaint before me, I cannot take this viewpoint of the defendant because such paragraph specifically pleads enough facts which, if established with the other facts pleaded, would be sufficient to warrant a finding of a breach of a specific contract by the defendant to provide a round trip without discrimination by reason of color. The following are cited as authority for this conclusion of the court: *Talcott* v. *Wabash R. R. Co.* (159 N. Y. 461); *Swift* v. *Pacific Mail SS. Co.* (106 id. 206); *Quimby* v. *Vanderbilt* (17 id. 308); *Bussman* v. *Western Transit Co.* (71 Fed. 654); *Berkey* v. *Third Avenue R. Co.* (244 N. Y. 84).

Although on this motion it is not necessary to hold that the complaint is one either in contract or in tort, the court is of the opinion that in addition to there being alleged a suit in contract for violation of a specific contract as covered by the allegations of the complaint, a trial court would be justified in submitting the action (if the proof of the plaintiff matches his pleading) on the theory of tort for the negligent utterance of words. (*Doyle* v. *Chatham & Phenix Nat. Bank,* 253 N. Y. 389.)

An order denying the motion may be submitted.